UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

LAURENCE WONG,

                Plaintiff

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE WILLIAM VARGAS
(Shield 6905, Narcotics Borough Manhattan South),
UNDERCOVER C0303 (Narcotics Borough Manhattan
South), POLICE OFFICER TERRANCE WILLIAMS
(Narcotics Borough Manhattan South), LT. CHARLES
HYLAND (Narcotics Borough Manhattan South),
DETECTIVE PAUL RIVERA (Narcotics Borough
Manhattan South), UNDERCOVER C0275 (Narcotics
Borough Manhattan South), DET. SEAN DRAIN
(Narcotics Borough Manhattan South), DET. LISA
MCCALLA (Narcotics Borough Manhattan South) and
DET. DAVID GUEVARRA (Narcotics Borough
Manhattan South) in their individual and official capacities
under federal law and in their individual capacities only
under state law,

                Defendants

Docket No.
15 CV 6229 (WHP)

**SECOND AMENDED
COMPLAINT and
JURY DEMAND**

---------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, defendants DETECTIVE WILLIAM VARGAS (Shield 6905, Narcotics Borough Manhattan South), UNDERCOVER C0303 (Narcotics Borough Manhattan South), POLICE OFFICER TERRANCE WILLIAMS (Narcotics Borough Manhattan South LT. CHARLES HYLAND (Narcotics Borough Manhattan South), DETECTIVE PAUL RIVERA (Narcotics Borough Manhattan South), UNDERCOVER C0275 (Narcotics Borough Manhattan South), DET. SEAN DRAIN (Narcotics Borough Manhattan South),

DET. LISA MCCALLA (Narcotics Borough Manhattan South) and DET. DAVID GUEVARRA (Narcotics Borough Manhattan South), arising under 42 U.S.C. §1983 and §1988 due to the false arrest and false imprisonment of LAURENCE WONG and for negligent performance of police duties, negligent training, supervision, discipline and retention of New York City Police Officers, violation of rights under the New York State Constitution and United States Constitution and abuse of process.

2. On May 10, 2014, defendants DETECTIVE WILLIAM VARGAS (Shield 6905, Narcotics Borough Manhattan South), UNDERCOVER C0303 (Narcotics Borough Manhattan South), POLICE OFFICER TERRANCE WILLIAMS (Narcotics Borough Manhattan South) LT. CHARLES HYLAND (Narcotics Borough Manhattan South), DETECTIVE PAUL RIVERA (Narcotics Borough Manhattan South), UNDERCOVER C0275 (Narcotics Borough Manhattan South), DET. SEAN DRAIN (Narcotics Borough Manhattan South), DET. LISA MCCALLA (Narcotics Borough Manhattan South) and DET. DAVID GUEVARRA (Narcotics Borough Manhattan South), acting under the color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The plaintiff, LAURENCE WONG through his attorneys, THE LAW OFFICE OF CHRISTINE A. RODRIGUEZ, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.   This action is brought pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's State and City law claims is asserted. As to the State and City Law claims, plaintiff filed a Notice of Claim with the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's claims. Additionally, this action was filed within one year and 90 days of the incident complained of herein.

5.   The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.   Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claims in this action occurred within the boundaries of the Southern District of New York.

## PARTIES

7.   Plaintiff, at all times relevant hereto, is a Chinese male who resides in New York County, State of New York.

8.   Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks

attach to the public consumers of the services provided by defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD"), a municipal agency of the CITY.

9. Defendants DETECTIVE WILLIAM VARGAS (Shield 6905, Narcotics Borough Manhattan South), UNDERCOVER C0303 (Narcotics Borough Manhattan South), POLICE OFFICER TERRANCE WILLIAMS (Narcotics Borough Manhattan South) LT. CHARLES HYLAND (Narcotics Borough Manhattan South), DETECTIVE PAUL RIVERA (Narcotics Borough Manhattan South), UNDERCOVER C0275 (Narcotics Borough Manhattan South), DET. SEAN DRAIN (Narcotics Borough Manhattan South), DET. LISA MCCALLA (Narcotics Borough Manhattan South) and DET. DAVID GUEVARRA (Narcotics Borough Manhattan South) (collectively referred to as the "officer-defendants") are being sued herein in their individual and official capacities under federal law.

10. The officer-defendants are being sued under the Constitution and laws of the State of New York in their individual capacities only.

11. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## FACTUAL ALLEGATIONS

12. On May 10, 2014 at or about approximately 6:45pm plaintiff was in Roosevelt Park, a public park near 59 Chrystie Street, New York, NY with a group of four young Chinese males in their early twenties.

13. At or about that date, time and place, defendant Undercover C0303 (a female) approached one of the males in the group, who was standing on his own away from plaintiff. At the time, plaintiff was engaged in conversation with another one of the males in the group who was seated on one of the park benches.

14. Undercover C0275 was acting as a "ghost" shadowing Undercover C0303's activities from a distance and reporting back to the rest of the NYPD team working the undercover operation on this date in Roosevelt Park.

15. Defendant Undercover C0303 began a conversation with the male, in substance, to ask the male if he was selling marijuana.

16. Prior to approaching the male, defendant Undercover C0303 had not been solicited in any way by the male, plaintiff or anyone else in the group that plaintiff was with in the park.

17. None of the individuals in the group of males with plaintiff was smoking marijuana in public or engaged in any other type of criminal activity at the time that the defendant Undercover C0303 approached.

18. Unknown to plaintiff, the male approached by the Undercover C0303 did have a quantity of marijuana in a backpack he was carrying at the time. In response to her inquiry, the male gave an amount of marijuana to the undercover in exchange for an

amount of U.S. currency. None of the other males in the group, including plaintiff, interacted with the undercover in any way.

19. Very shortly after this exchange, a group of NYPD officers, including defendants DETECTIVE VARGAS, P.O. WILLIAMS, LT. HYLAND, DET. RIVERA, DET. DRAIN, DET. MCCALLA and DET. GUEVARRA approached the group that plaintiff was with and placed the male who exchanged marijuana with the undercover in handcuffs.

20. One of the males in the group, who had been sitting away from the group, ran off before the officer defendants reached the group in the park.

21. That male was chased by one of the officer-defendants, but was not apprehended.

22. The officer defendants directed the rest of the group, including plaintiff, to stay put at which time the group was advised that someone else in addition to the young Chinese male who engaged in a transaction with the undercover would have to be arrested.

23. Plaintiff was then singled out of the group and placed in handcuffs, without any reasonable or probable cause, though plaintiff had not engaged in any criminal activity whatsoever.

24. Plaintiff was then searched and brought to the 5th Precinct for arrest processing.

25. Plaintiff was brought to central booking later in the day on May 10, 2014.

26. The "Buy Report" completed by UC0303 after plaintiff was arrested included a description of plaintiff has having long black hair with a "mustache and

beard." Plaintiff was clean shaven at the time of his arrest which is clearly shown in his arrest photograph and the photograph of plaintiff on his prisoner movement slip.

27.     Plaintiff was arraigned over 24 hours later the next day on May 11, 2014 and was charged with Criminal Sale of Marijuana in the Fourth Degree and Unlawful Possession of Marijuana. Plaintiff was released without bail on his own recognizance.

28.     The criminal complaint filed against plaintiff in New York County Criminal Court, which contained sworn allegations by defendant Detective Vargas, stated in substance that plaintiff walked to the middle of the park and looked back and forth while another male agreed to sell defendant Undercover C0303 marijuana.

29.     The allegations in the sworn criminal complaint filed against plaintiff were false.

30.     After he was arraigned, plaintiff was required to appear in court on one additional date at which time he was offered an adjournment in contemplation of dismissal, which plaintiff accepted.

31.     As a result of being falsely arrested and falsely accused, plaintiff has been stigmatized, has a constant fear of police and being arrested without cause and being subjected to unreasonable and unlawful searches and seizures in the future.

## **FIRST CAUSE OF ACTION**
FEDERAL CLAIMS AGAINST THE OFFICER-DEFENDANTS

32.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     The conduct of the officer-defendants as described herein, amounted to false arrest, deprivation of liberty without probable cause, unlawful search and seizure, unlawful detention and fabricated evidence. This conduct violated plaintiff's rights under

42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION
## STATE LAW CLAIMS AGAINST THE OFFICER-DEFENDANTS

34. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. The conduct of the officer-defendants, as described herein, amounted to false arrest, deprivation of liberty without probable cause, unlawful search and seizure, unlawful detention and fabricated evidence in violation of the laws of the State of New York and the City of New York.

## THIRD CAUSE OF ACTION
## FEDERAL CLAIMS AGAINST THE CITY and NYPD

36. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. The City of New York and NYPD directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City and the NYPD failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them.

Moreover, the City of New York and the NYPD failed to adequately investigate prior complaints against its officers.

39. The aforesaid conduct by the City of New York and the NYPD violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

## FIRST CAUSE OF ACTION
STATE LAW CLAIMS AGAINST THE CITY and NYPD

40. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Because the officer-defendants were acting within the scope of their employment as police officers, under color of state law when they unlawfully arrested, detained and search plaintiff and filed charges against plaintiff, the City of New York is vicariously liable under state law for violations of plaintiff's civil rights.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in an amount to be fixed by a jury on each of the plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in an amount to be fixed by a jury on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Dated: New York, New York
       March 8, 2016

                              LAW OFFICE OF
                              CHRISTINE A. RODRIGUEZ

                              */s/ Christine A. Rodriguez*
                              Christine A. Rodriguez, Esq.
                              Attorneys for Plaintiff
                              1350 Avenue of the Americas, 2nd Floor
                              New York, New York 10019
                              (212) 430-6525

*Index No. 15 CV 6229 (WHP)*                                              Year  2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAURENCE WONG,

                              Plaintiff

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE WILLIAM
VARGAS (Shield 6905, Narcotics Borough Manhattan
South), UNDERCOVER C0303 (Narcotics Borough
Manhattan South), POLICE OFFICER TERRANCE
WILLIAMS (Narcotics Borough Manhattan South)
LT. CHARLES HYLAND (Narcotics Borough Manhattan
South), DETECTIVE PAUL RIVERA (Narcotics Borough
Manhattan South), UNDERCOVER C0275 (Narcotics
Borough Manhattan South), DET. SEAN DRAIN (Narcotics
Borough Manhattan South), DET. LISA MCCALLA (Narcotics
Borough Manhattan South) and DET. DAVID GUEVARRA
(Narcotics Borough Manhattan South) in their individual
and official capacities under federal law and in their individual
capacities only under state law,

                              Defendants

---

### SECOND AMENDED COMPLAINT

---

### LAW OFFICE OF CHRISTINE A. RODRIGUEZ

**ATTORNEYS FOR
PLAINTIFF, LAURENCE WONG**

**1350 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NY 10019
(212) 430-6525**

---

*Dated:* March 8, 2016